UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:20-88 |
| | ) | |
| | ) | 18 U.S.C. § 287 |
| v. | ) | 18 U.S.C. § 641 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| ALICE FELDER-LUCAS | ) | **INDICTMENT** |

COUNT 1

THE GRAND JURY CHARGES THAT:

On or about February 27, 2015 in the District of South Carolina, and elsewhere, the defendant ALICE FELDER-LUCAS made and presented to the Internal Revenue Service a claim upon and against the United States, that is: a demand for a tax refund of $708,190.00 for the tax year 2014, knowing that the clam was false, fictitious, and fraudulent.

In violation of Title 18, United States Code Section 287.

## COUNT 2

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 9, 2015 in the District of South Carolina, and elsewhere, the defendant ALICE FELDER-LUCAS willfully and knowingly did steal and purloin money, of a value exceeding $1,000, belonging to and property of the United States.

In violation of Title 18, United States Code Section 641.

# FORFEITURE

## A. THEFT OF PUBLIC MONEY

1. Upon conviction for a violation of Title 18, United States Code, Section 641 as charged in Count 2 of this Indictment, the Defendant, ALICE FELDER-LUCAS, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

## B. PROPERTY

2. Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant, ALICE FELDER-LUCAS, for the violation charged in this Indictment includes, but is not limited to, the following:

### CASH PROCEEDS/FORFEITURE JUDGMENT:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as a result of the offense charged in this Indictment, that is, a minimum of approximately $708,190.00 in United States currency, and all interest and proceeds traceable thereto.

## C. SUBSTITUTE ASSETS

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with, a third person;
    (c) has been placed beyond the jurisdiction of the Court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A \_\_\_TRUE\_\_\_ BILL

FOREPERSON

A. LANCE CRICK (TDP)
ACTING UNITED STATES ATTORNEY